CALEB W. SHEPARD AND ANOTHER v. MIDLAND LUMBER & COAL COMPANY.[1]

December 27, 1935.

No. 30,818.

[1] Reported in 264 N. W. 126.

*Burton R. Sawyer,* for relator.
*Granger & Blethen,* for respondents.

HOLT, JUSTICE.

*Certiorari* to review a decision granting respondents, mortgagors, an extension to redeem from a foreclosure of the mortgage.

The property involved is a 19-apartment building and lot in the city of Rochester. There is a first mortgage of $32,500. Relator holds the second mortgage, the one foreclosed and on which there was due in August, 1935, when the application herein was presented to the court, $8,820.79. There is a third mortgage of $420. Taxes for 1932, 1933, and 1934 are unpaid and, with interest and penalties, now amount to about $4,000. The court found that the property was of the value of $55,000 and that respondents have a substantial equity therein. It was also found that the rental value is $4,500 annually above expenses, and extension to redeem was granted until March 1, 1937, on condition that respondents pay relator $375 per month beginning November 10, 1935, of which

amount relator is required to pay over to the holder of the first mortgage $350, said sum being required under an amortizement agreement in the first mortgage to be paid monthly.

The assignments of error attack the findings of fact. The material findings are the net rental value and the value of the premises covered by the mortgage. The findings are so clearly supported by the evidence that we have no hesitancy in sustaining them. All agree that the building erected in 1929 is well built. The contractor who erected it testified that its cost of construction was $64,000 and that it would cost $58,000 to replace it at the present time. The net rental value of a 19-apartment building for the purpose of applying it as a condition to extending the time of redemption, under the provisions of the moratorium act, cannot be placed at the highest possible figure. There is always the probability of more or less vacancies and change in the current rentals. These and other matters bearing upon the amount the mortgagors should at stated times pay over to the mortgagee is for the trial court; and, in view of the conditions testified to, we think the finding as to net rental value is sustained.

Respondents have a substantial equity in the foreclosed premises—in excess of $9,000 according to the findings—justifying an extension of the time of redemption. But relator contends, even so, that the law does not authorize the extension on the conditions fixed. It is claimed that none but the holder of the sheriff's certificate of sale is entitled to receive the payments ordered to be made. The court in the instant case directed respondents to pay $375 each month to relator, but relator was not permitted to retain or apply any part thereof upon its claim or interest in the premises. The provision in the act which justifies extension of the redemption period is that during such period the holder of the sheriff's certificate is compensated for the delay by receiving the rental from the property or so much thereof as the trial court deems reasonable. Home B. & L. Assn. v. Blaisdell, 290 U. S. 398, 54 S. Ct. 231, 78 L. ed. 413, 88 A. L. R. 1481. It is true, none of the income goes directly to relator; but it does go to reduce in part the lien of the first mortgage. Unless the amortized payments called

for in that mortgage are made, it will be foreclosed and the rights of both respondents and relator jeopardized. It is true, the $25 to be applied on taxes is entirely insufficient for that purpose. As the situation presented itself to the court below, we conclude its order preserves the rights of both parties in directing the payment of $375 to be applied by relator as above stated. It is subject to change at any time as conditions may warrant.

One assignment of error is directed to the failure of the court to file the order within five days after submission, and, consequently, at least the benefit of two monthly payments are lost to relator and the first mortgagee. It is clear that the court is required to render decisions promptly in moratorium cases. But a litigant should not have a favorable decision reversed because of the court's delay. Section 5 of the moratorium act gives the court the right to modify its order extending the time of redemption, and the court below is directed to modify the order so that, in addition to the payments therein directed to be made, respondents be also directed to pay $375 for each of the months of September and October, 1935.

So modified the order will stand affirmed.

